CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 22, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **BISHOP LELAND LAZARUS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00312 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WARDEN D.W. ZOOK, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Bishop Leland Lazarus, Pro Se Plaintiff; Christina E. Agee, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendants.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  Along with his Complaint, Lazarus filed a Motion for Temporary Restraining Order and Preliminary Injunction, which was denied.  Now pending is Lazarus's Renewed Motion for Temporary Restraining Order and Preliminary Injunction.  The defendants have filed a Response in Opposition, and the matter is ripe for consideration.  Upon review, I conclude that Lazarus's motion will be denied.

A party seeking a preliminary injunction must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.*

Lazarus currently requests that the court direct the defendants to provide a Pentecostal communal worship service on Sunday, May 24, 2026, the Holy Day of Pentecost. In response, the defendants assert that Lazarus's request for a preliminary injunction should be denied where Lazarus is seeking relief on a claim not raised in the underlying Complaint. I agree.

While Lazarus asserted claims in the underlying Complaint that the defendants violated his rights by refusing to provide Pentecostal worship services on Sundays, he now seeks a specific service to be held on Sunday, May 24, 2026. I have already determined that Lazarus had not made the requisite showing to warrant interlocutory relief, particularly where the status quo would be maintained by the current religious services arrangement, and more evidence is needed to determine whether the defendants have violated the Constitution. Op. & Order 16–18, Dkt. No. 24. Lazarus may not now seek relief concerning a specific upcoming religious holiday that was not addressed by the Complaint and that would disrupt the status quo. *See Rice v. Dotson*, No. 7:25-cv-00234, 2025 WL 2969101, at *2 (W.D. Va. Oct. 20, 2025) ("[A] motion for a preliminary injunction must be related to the underlying complaint; it is not an appropriate vehicle for asserting new claims.")

(citing *Omega World Travel, Inc. v. Trans. World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)); *see also Guille v. Eldridge*, No. 7:24-cv-00786, 2025 WL 2807046, at *1 (W.D. Va. Sept. 26, 2025) ("'A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit.'") (quoting *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017)).[1]

Accordingly, it is **ORDERED** that Lazarus's Renewed Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. No. 27, is DENIED without prejudice.

ENTER:   May 22, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] As I previously concluded, because Lazarus is not entitled to a preliminary injunction, there is no basis on which to grant him a temporary restraining order, and his motion will also be denied in this regard.